**In the Matter of AUTOCUE SALES & DISTRIBUTING CORP., Bankrupt.**

United States District Court
S. D. New York.
Nov. 24, 1958.

Helfat & Helfat, New York City, for trustee.

Levine, Rembar & Zolotar, pro se.

James Stevenson, pro se.

IRVING R. KAUFMAN, District Judge.

By these petitions, three orders of Referee Asa S. Herzog, all relating to attorneys' fees paid after the filing of the first petition in bankruptcy, are brought on for review. I shall discuss all three together, since the questions of law involved are the same.

The involuntary petition in bankruptcy was served upon the bankrupt on September 5, 1956. Thereafter, by stipulation, an amended petition was filed on October 10, 1956, and again by stipulation, a second amended petition was filed November 29, 1956. Upon its consent, the bankrupt was adjudicated on December 11, 1956.

After service of the original bankruptcy petition, bankrupt retained the firm of Levine, Rembar & Zolotar (hereinafter Levine) to contest the petition.

Between September 20, 1956 and November 21, 1956, the bankrupt paid Levine a total of $2,800 for legal services. By order to show cause dated April 25, 1958 the trustee moved the Referee to compel Levine to turn over the $2,800 on the theory that such payments, made after the filing of the bankruptcy petition and before adjudication, are improper, invalid and ineffective against the trustee. Levine's motion to dismiss the trustee's petition seeking the turnover was denied by the Referee on August 8, 1958. Thereafter, Levine filed an answer to the petition and, after a hearing, the Referee, by order dated October 14, 1958, directed the turnover requested. Levine seeks review of the orders denying the motion to dismiss and granting the trustee's petition to turn over.

The third order being brought on for review involves $1,300 paid by bankrupt to James Stevenson, found by the Referee to have been bankrupt's "house counsel", for legal services rendered between the filing of the first bankruptcy petition and the adjudication. Though Stevenson has denied that these payments were for legal services, the Referee's finding of fact on this question is supported by the evidence and is not clearly erroneous. Stevenson seeks review of the Referee's order of October 27, 1958, directing that these funds be turned over to the trustee.

I find that the Referee properly concluded that the transfers in question (the payments to both petitioners) were ineffective against the trustee under section 70, sub. d(5) of the Bankruptcy Act 11 U.S.C.A. § 110, sub. d(5) which in pertinent part provides: "Except as otherwise provided in this subdivision and in subdivision g of section 21 of this Act, no transfer by or in behalf of the bankrupt after the date of bankruptcy shall be valid against the trustee * * *." Though all of the payments to Levine and most of those to Stevenson were made prior to the filing of the second amended petition, the bankruptcy relates back to

the filing of the original petition.[1] Fed. Rules Civ.Proc. rule 15(c), 28 U.S.C.A.; Glint Factors, Inc. v. Schnapp, 2 Cir., 1942, 126 F.2d 207. See opinion of Dimock, J., supra, footnote [1]. Neither petitioner has sustained his burden[2] of proving that he had given the bankrupt present fair equivalent value and that he was acting in good faith, both of which must be established in order to come within the protection of section 70, sub. d(1). Services rendered or to be rendered of the character herein, do not constitute "present value" within the meaning of the Bankruptcy Act. See 4 Collier on Bankruptcy 423 (14 ed. 1942); Lehman v. Cameron, Sup.1953, 124 N.Y.S.2d 490, 492. Nor was good faith established since the petitioners had actual knowledge of the pendency of the bankruptcy and they have not shown that they had good reason to believe that the petition was not well founded.

■■■ The finding of relation back is dispositive of Levine's contention that the payments come under section 60, sub. d, of the Bankruptcy Act[3] (11 U.S.C.A. § 96, sub. d), which permits the payment of a reasonable fee. That section applies only to services rendered before the date of bankruptcy. In re Rolnick, 2 Cir., 1923, 294 F. 817; In re Falk, 2 Cir., 1929, 30 F.2d 607. In the instant case all of the services for which the payments in question were made were rendered after the filing of the original bankruptcy petition. Whether, as both petitioners contend, section 64, sub. a (11 U.S.C.A. § 104, sub. a) is applicable need not be decided here since payment for services under that section must be applied for by petition under oath, filed with the Referee, and is allowable by the Referee only after notice to creditors. In re Falk, supra, 30 F.2d at page 610; In re Klein-Moffett Co., D.C.D.Md.1928, 27 F.2d 444. Possible rights under section 64, sub. a, do not constitute a bar to the instant action by the trustee.

■ One additional issue has been raised by petitioner Levine: that the trustee is estopped from seeking recovery of the fees under the terms of a stipulation with Levine, entered into on October 25, 1957. I find little merit to this contention. A fair reading of the stipulation does not support the construction which Levine seeks to place upon it.

I find that the Referee properly granted the trustee's petitions to turn over the fees paid to Levine and Stevenson, and properly denied Levine's motion to dismiss.

The orders of the Referee dated August 8, 1958, October 14, 1958 and October 27, 1958 are accordingly affirmed. Settle order.

1. After the filing of the bankruptcy petition, the trustee is vested with title to all property in the possession of the bankrupt. Section 70, sub. a, 11 U.S. C.A. § 110, sub. (a). The payments made to petitioners were thus void transfers and may be recovered upon summary proceedings. In re Borok, 2 Cir., 1931, 50 F.2d 75. See opinion of Dimock, J., dated April 28, 1958, 162 F.Supp. 17, relating to another phase of the same bankruptcy proceedings. I find no support in the record for petitioner Levine's contention that the payments came from property received by the bankrupt after the date of the original bankruptcy petition.

2. The first sentence of section 70, sub. d (5) provides: "A person asserting the validity of a transfer under this subdivision shall have the burden of proof."

3. "If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law * * * for services to be rendered, the transaction shall be reexamined by the court on petition of the trustee or any creditor and shall be held valid only to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate."