**David HAAR, Respondent-Appellant,**

v.

**Orrell OSELAND, Trustee, Petitioner-Appellee.**

**No. 192, Docket 25173.**

United States Court of Appeals
Second Circuit.

Argued March 6, 1959.

Decided April 2, 1959.

the contemplated arrangement failed and bankruptcy ensued. The trustee in bankruptcy petitioned under § 60, sub. d of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. d, for a determination of the reasonable value of the appellant's services rendered prior to February 8 and for an order for the recovery of the excess for the benefit of the estate. Referee Stephenson allowed the appellant $200 for his pre-bankruptcy services (which was increased to $500 by the district court) and in a well-considered opinion, confirmed on review below, ordered recovery of the balance for the benefit of the estate. The order, of course, did not purport to preclude an application for an allowance as an expense of the administration of the estate.

Affirmed on the opinions below.

David Haar, New York City, respondent-appellant, pro se.

Charles H. Cohen, New York City (Kaye, Scholer, Fierman & Hays, New York City, on the brief), for petitioner-appellee.

Before MEDINA and HINCKS, Circuit Judges, and MATHES, District Judge.*

PER CURIAM.

On February 4, 1956, officers of the Knickerbocker Leather & Novelty Co. Inc., now the bankrupt, consulted the appellant, an attorney, about its financial difficulties. A retainer of $2,500 was agreed upon. The attorney prepared and, on February 8, filed a petition for an arrangement, under Chapter XI of the Bankruptcy Act. On his retainer, he received a check for $1,000 and an assignment of accounts receivable which yielded $1,500. In May, after extensive efforts to consummate an arrangement,