**In the Matter of LOUISIANA LOAN AND THRIFT CORPORATION.**
**John M. HOLAHAN, Appellant,**
**v.**
**Albert G. REYNOLDS, Trustee, Appellee.**
No. 27374
Summary Calendar.

United States Court of Appeals
Fifth Circuit.
Aug. 27, 1969.
Rehearing Denied Oct. 6, 1969.

---

2.  Presently § 71 of the 1954 Code.

---

Blake G. Arata, New Orleans, La., for appellant.

Thomas H. Kingsmill, Jr., Herbert W. Christenberry, Jr., New Orleans, La., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

■ Pursuant to New Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

This is an appeal from the Eastern District of Louisiana affirming an order of the Referee in Bankruptcy issued in a proceeding under Section 60(d) of the Bankruptcy Act, 11 U.S.C. § 96(d).

John M. Holahan, the attorney for the bankrupt and the appellant in this case, was paid a fee of $20,000.00 by the debtor, Louisiana Loan and Thrift Corporation, prior to the filing of the Chapter XI proceeding. A petition was filed by the Receiver in the re-organization proceeding for a determination by the Referee of the reasonableness of the $20,000.00 fee paid to Mr. Holahan for his legal services, as provided by Section 60(d) of the Bankruptcy Act. The Referee held "that an allowance of a fee at this time can only cover the reasonable value of services rendered by Mr. Holahan *prior to the filing* of the petition for a Chapter XI proceeding" (emphasis supplied), and found "that a reasonable fee for the services actually rendered by John M. Holahan as attorney for the debtor, prior to the filing of the Chapter XI proceeding, is the sum of $3,000.00. The services Mr. Holahan rendered prior to the filing of the Chapter XI proceeding consisted principally of conferences, research, advice, assisting in the preparation of and the filing of schedules, and petition and order for authority to operate the business as debtor in possession. The Referee also found that the fee paid Mr. Holahan prior to the filing of the Chapter XI petition was paid in contemplation of the filing of a petition in bankruptcy and, thus, was subject to examination by the Referee under Section 60(d). The District Court affirmed.

The attorney Holahan contends that a proceeding under Section 60(d) relates to the reasonable value of the legal services rendered by the debtor's attorney both *before* and *after* the filing of a petition in bankruptcy and that the Referee committed error by not determining the reasonable value of the legal services he had rendered to the Louisiana Loan and Thrift Corporation up to the date of the Section 60(d) proceeding. Holahan in no way attacks the jurisdiction of the Referee. Likewise, he neither contends that the fee was not paid in contemplation of filing a petition in bankruptcy nor that the Referee's finding that the reasonable value of the legal services he rendered the debtor corporation is clearly erroneous.

Thus, the only issue facing this Court is whether, in a proceeding under Section 60(d) of the Bankruptcy Act reviewing the reasonableness of attorney's fees paid in advance of filing the bankruptcy petition, the Referee in Bankruptcy can take into account legal services rendered to the bankrupt after the bankruptcy petition has been filed.[1]

In describing Section 60(d), the Supreme Court has said:

That provision has been held to be sui generis. It does not contemplate a plenary suit, but a summary proceeding. (Citing In Re Wood, 210 U.S. 246, 251, 253, 28 S.Ct. 621, 52 L.Ed. 1046 (1908)). The class of cases to which it refers is not that of preferences or of fraudulent conveyances. * * * The provision authorizes reexamination of payments or transfers when made by a debtor (1) "in contemplation of the filing of a petition by or against him," (2) "to an attorney and counselor at law, solicitor in equity, or proctor in admiralty,"[2] and (3) "for services to be rendered." Such payments or transfers are only to "be held valid to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate." Conrad, Rubin & Lesser v. Pender, 289 U.S. 472, 53 S. Ct. 703, 77 L.Ed. 1327 (1933).

This Court has never been called upon to decide the issue presented by this case. The Second and the Sixth Circuits, however, have taken the position that Section 60(d) relates only to attorney's fees for legal services to be rendered while the debtor is in contemplation of bankruptcy and not to legal services to be rendered after the bankruptcy proceed-

---

1. Section 60(d), 11 U.S.C. § 96(d), as amended (1963), provides:

   If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney at law, for services rendered or to be rendered, the transaction may be examined by the court on its own motion or shall be examined by the court on petition of the trustee or any creditor and shall be held valid only to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate.

   If, whether before or after filing, a debtor shall agree orally or in writing to pay money or transfer property to an attorney at law after the filing, the transaction may be examined by the court on its own motion or shall be examined by the court on petition of the bankrupt made prior to discharge and shall be held valid only to the ex-

   tent of a reasonable amount to be determined by the court, and any excess obligation shall be canceled, or if excess payment or transfer has been made, returned to the bankrupt.

2. This language is taken from the original version of Section 60(d). Section 60(d) of the Bankruptcy Act of 1898, 30 Stat. 562, provided:

   If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, solicitor in equity, or proctor in admiralty for services to be rendered, the transaction shall be reexamined by the court on petition of the trustee or any creditor and shall only be held valid to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate.

ings are commenced, that is to say, after the petition in bankruptcy has been filed. Pratt v. Bothe, 6 Cir., 1904, 130 F. 670; In re Rolnick, 2 Cir., 1923, 294 F. 817; In re Falk, 2 Cir., 1929, 30 F.2d 607; In re David Bell Scarves, 2 Cir., 1932, 61 F.2d 771, aff'd. 289 U.S. 472, 53 S.Ct. 703, 77 L.Ed. 1327 (1933); In re Buchanan, 2 Cir., 1933, 66 F.2d 416. In explaining this position, the Court in In re Buchanan, supra, said:

> The words, "for services to be rendered," in section 60d have in practice been construed as covering all services "to be rendered" in contemplation of the filing of a petition in bankruptcy * * *. 66 F.2d at 419.

In affirming In re David Bell Scarves, supra, the Supreme Court apparently did not consider the issue which we decide here, but said in the course of its decision:

> Section 60(d) relates to payments and transfers made by the bankrupt prior to bankruptcy from his own property for services to be rendered to him; section 64(b) (3) [3] to an allowance to be made for legal services out of the estate under administration. (Citing In re Rolnick supra). The services within the latter provision are those rendered in aid of the administration of the estate and the carrying out of the provisions of the act. (Citing cases). Conrad, Rubin & Lesser v. Pender, supra, 289 U.S. at 476, 53 S.Ct. 703.

More recently, the Second Circuit position has been followed in the case of In re Autocue Sales & Distributing Corp., S.D.N.Y., 1958, 167 F.Supp. 672, where the district court held that Section 60(d) "applies only to services rendered before the date of bankruptcy". At

674. See also Haar v. Oseland, 2 Cir., 1959, 265 F.2d 218, 219.

We are persuaded that the position taken by the Second Circuit is correct. We, therefore, hold that Section 60 (d) of the Bankruptcy Act relates only to legal services to be rendered in contemplation of bankruptcy and *not* to legal services to be rendered *after* the petition in bankruptcy has been filed.

The judgment of the District Court is affirmed.

## ON PETITION FOR REHEARING

### PER CURIAM:

This is a petition for a rehearing of the Court's decision in In re Louisiana Loan and Thrift Corp., Holahan v. Reynolds, 5 Cir., 1969, 416 F.2d 898 [August 27, 1969]. The petition is denied.

The petition points out that we misstated the appellant's contentions by reporting that:

> "The attorney Holahan contends that a proceeding under Section 60(d) relates to the reasonable value of legal services rendered by the debtor's attorney both *before* and *after* the filing of a petition in bankruptcy, and that the referee committed error by not determining the reasonable value of the legal services he had rendered to the Louisiana Loan and Thrift Corporation *up to the date of the Section 60(d) proceeding.*" (Emphasis supplied.)

It is the petitioner's position that the Section 60(d) proceedings should determine the reasonable value of *all* services to be rendered, including the services that remain necessary after the Section 60(d) hearing is had. This slight mis-

---

3. Section 64(b) (3) is the predecessor of Section 64(a) (1), 11 U.S.C. § 104(a) (1), as amended (1967), which provides:

> (a) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of the bankrupt estates, and the order of payment, shall be (1) the costs and expenses of administration, including the actual and necessary costs and expenses of preserving the estate subsequent to filing the petition; * * * and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the bankrupt in voluntary and involuntary cases, and to petitioning creditors in involuntary cases * * *.

statement of the appellant's contention, however, in no way affected the outcome of the decision in light of our holding that Section 60(d) relates only to the reasonable value of the legal services rendered to the debtor prior to the filing of a petition in bankruptcy.

The appellant never contended that the valuation by the referee of legal services rendered to the debtor prior to filing was clearly erroneous, and thus it will do him no good to argue in his petition for rehearing that he would have made such a contention had he known the Court would decide as it did.

The Court in no way misapprehended the nature of appellant's contentions. The petition for rehearing is

Denied.