In re Howard E. **HIGGINBOTHAM,**
etc., Bankrupt.

Louis I. **KESSLER,** Appellant,

v.

Harold S. **LANSING,** and James
Imbrie, Jr., Appellees.

No. 17629.

United States Court of Appeals,
Seventh Circuit.

July 28, 1970.

Mark A. Greenhouse, William S. Collen, Chicago., Ill., for appellant.

Harold S. Lansing, James Imbrie, Jr., pro se.

Before DUFFY, Senior Circuit Judge and FAIRCHILD and KERNER, Circuit Judges.

FAIRCHILD, Circuit Judge.

This is an appeal from an order of the district court in a bankruptcy proceeding making two allowances of expenses of administration which had been disallowed by the referee and reducing one allowance which the referee had made.

(1) *Creditors' Committee allowances.* In 1963 Higginbotham filed a petition under chapter XI of the bankruptcy act, proposing an arrangement. No arrangement was confirmed and on September 21, 1964, Higginbotham was adjudicated a bankrupt. A creditors' committee had been elected, and, with court approval,

had employed Lansing as its attorney and appointed Imbrie secretary. Both rendered services while the arrangement proceeding was pending.

They filed, in the bankruptcy proceeding, petitions for compensation, claiming that their services had been beneficial to the estate. The referee disallowed their claims on the ground that under the law their services are not compensable out of the estate in bankruptcy.

Lansing and Imbrie sought review in the district court, no one appeared in opposition, and the district court allowed Lansing $2500 and Imbrie $1250.

Congress amended the applicable portions of the bankruptcy act in 1967 after these services were rendered but before the bankruptcy proceeding was ready for closing and the expenses of administration considered by the referee. The referee apparently concluded that the law as amended in 1967 governed allowances made after the amendment for services performed before the amendment. The district court concluded that the 1967 amendment did not prevent compensation for services rendered during the time the statute authorized compensation for them.

Before 1952, 11 U.S.C. § 738 provided that in an arrangement proceeding creditors may appoint a committee and 11 U.S.C. § 737(2) authorized the referee, after acceptance of the arrangement, to fix a time within which the debtor should deposit money to be used to carry out the arrangement, "and the money necessary to pay the costs and expenses of the proceedings and the actual and necessary expenses incurred in connection with the proceedings and the arrangement by the committee of creditors and the attorneys or agents of such committee, in such amount as the court may allow".

The allowances which could be made under that language were regarded as insufficient in various respects, including the problem of so called informal committees,[1] and changes were made in

1. Remington Bankruptcy, 6th ed. § 3599, p. 240.

1952[2] and 1958.[3] At the time of Higginbotham's arrangement proceeding, the money to be deposited under 11 U.S. C. § 737(2) was to include "fees and expenses of attorneys, accountants and agents, in such amounts as the court may allow" incurred by a committee appointed under § 738 or "designated" in a specified manner, *"Provided, however,* That in fixing any such allowances the court shall give consideration only to the services which contributed to the arrangement confirmed or to the refusal of confirmation of an arrangement, or which were beneficial in the administration of the estate. \* \* \* "

This language, in terms of allowance out of a deposit, is less than a crystal clear authorization of an allowance out of assets if no deposit is made and bankruptcy ensues, but the parties here agree that it would have authorized such allowance, assuming the services had been beneficial in the administration of the estate.

In 1967[4] Congress amended 11 U.S.C. §§ 737 and 738 and added § 739. The references to expenses of a creditors' committee in § 737 were eliminated. § 739 provides that the functions of an elected creditors' committee may include five types of activity and "other services as may contribute to the confirmation of the arrangement". The expenses for assistance of agents, attorneys, and accountants shall be allowed "provided the arrangement is confirmed".

■ There is a rule that "a law will not be construed as retroactive unless the act clearly, by express language or necessary implication, indicates that the legislature intended a retroactive application".[5]

We agree with the district court that an intent to limit allowances for services rendered before the enactment to those now specified is not sufficiently clear, and that the propriety of the allowance is to be governed by the law in effect when the services were rendered.

■ Appellant further argues that the referee did not make a finding that the services in question had been beneficial in the administration of the estate and that these petitions do not sufficiently particularize the benefits. The petitions for allowances did clearly assert that there were such benefits. The referee's omission of a finding resulted from his view of the law, and his decision conveys no suggestion that he differed with the claim that benefits had been conferred. Appellant failed to appear in opposition before the district court, and there is no indication that he disputed the factual sufficiency of the claim before the referee.

Under the *circumstances* we think this point should not be considered here.

(2) *Attorneys fees.*

The referee allowed Mr. Kessler $14,000 as attorney for the trustee, in addition to $1,000 as attorney for the receiver. The district court reduced the $14,000 allowance to $10,000.

The total costs of administration allowed by the referee were $26,880.18. Because this figure exceeded $25,000, Rule 25(F) (2) of the bankruptcy rules of the district court[6] applied and the referee's allowances were subject to review by virtue of the rule.[7]

The referee prepared a memorandum decision which described a number of problems which were met by the trustee

---

2. 66 Stat. 432.

3. 72 Stat. 821.

4. 81 Stat. 516.

5. 2 Sutherland, Statutory Construction 115 (3d ed. 1943).

6. The text is set out in an appendix to *Meissner Engineers, Inc. v. Thomas* (7th Cir., 1970), 421 F.2d 12, 16.

7. This automatic review would also apply where the total costs exceed 25% of the total proceeds realized. In this case the total costs were 19.7207% of the net proceeds of $136,303.96.

and his attorney and their success in solving them. He found that the attorneys' services "succeeded in substantially enhancing the value of this estate".

 The district court made no reference to any particular in which he differed with the decision of the referee nor to any other reason why the allowance should be reduced. Our own examination of the referee's decision develops no basis for concluding that the referee abused his discretion in allowing $14,000. The increase in expenses of administration by the amount of $3,750 as a result of allowances to Lansing and Imbrie does not, standing alone, require nor justify cutting the fee of the trustee's attorney by $4,000. We conclude that it was error to order the reduction.

The order appealed from is modified so as to confirm the referee's allowance of $14,000 to the attorney for the trustee. As so modified it is affirmed. Each party to the appeal shall bear his own costs, and they shall not be charged to the bankrupt estate.