**In the Matter of CASCO FASHIONS, INC.**

**No. 69–B–459.**

United States District Court, S. D. New York.

June 22, 1972.

Ballon, Stoll & Itzler, New York City, for petitioners.

Hahn, Hessen, Margolis & Ryan, New York City, for the trustee.

LASKER, District Judge.

Petitioners Ballon, Stoll & Itzler, former attorneys for the bankrupt, Casco Fashions, Inc., petition to review the orders of the Referee dated February 23, 1971 and April 12, 1971. Casco and

its affiliated corporation filed petitions for an arrangement pursuant to Chapter XI in July of 1969. The Referee authorized the corporations as debtors in possession to retain petitioners as counsel. The petitions of Casco and its affiliate were consolidated and treated as a single matter. Prior to the filing of the petitions for an arrangement Casco had paid the Ballon firm a retainer of $15,000 for professional services to be rendered by it to Casco and its affiliate in connection with their proposed petitions for an arrangement.

The petitions for an arrangement remained pendent before the Court for more than nine months. A plan was promulgated, drafted, filed, accepted and recommended by the Creditors' Committee, and it is not disputed that the Ballon firm exclusively performed the legal services necessary to Casco and its affiliate during this nine-month period. At that late stage the proceedings for an arrangement aborted. The Ballon firm submitted its statement for legal services to the Referee for his consideration.

The New York Credit Men's Adjustment Bureau, Inc., as Trustee in Bankruptcy of Casco's estate, moved pursuant to Section 60(d) of the Bankruptcy Act to appraise the services rendered by the Ballon firm to the debtors and to determine the reasonableness of its charges. The Ballon firm in turn opposed the trustee's motion and submitted its application for an allowance pursuant to Section 64(a)(1) of the Bankruptcy Act.

By order of February 23, 1971, the Referee, apparently considering solely the application of the trustee under Section 60(d), ruled, on the authority of In re Autocue Sales & Distributing Corp., 167 F.Supp. 672 (S.D.N.Y.1958), and Haar v. Oseland, 265 F.2d 218 (2d Cir. 1959), that under Section 60(d) the Referee was permitted to take into account only legal services rendered to the bankrupt before the petition was filed. He found the reasonable value of the Ballon

firm's services rendered to the bankrupt prior to the filing of the petition to be $3,000, and accordingly directed the attorneys to return to the trustee the remaining $12,000 of the $15,000 they had previously received. On March 24, 1971, a motion for a rehearing was considered, and by order of April 12, 1971 the Referee granted the motion for a rehearing but, upon rehearing, adhered to his earlier position.

■■ Before proceeding to the merits we dispose of procedural contentions raised by the trustee in opposition to the present petition. The trustee's counsel argues that the petition to review the Referee's order of April 12, 1971 should be dismissed as not reviewable, citing Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 149–150, 63 S.Ct. 133, 137, 87 L.Ed. 146 (1942), that "[a] refusal to modify the original order, however, requires the appeal to be from the original order" [in this case the order of February 23, 1971], and because it is contended there is an absence of a Referee's certificate as to the later order. We have examined the certificate and find that it does refer to the April 12th rehearing by incorporation, and we agree with petitioners that "an order entered upon a granted rehearing is appealable in the usual way, even though the Court reaffirms its former action." 2 Collier on Bankruptcy, 1482 (14th Ed., 1969). Since the rehearing was granted here, it is appealable under that rule.

■ The trustee also asserts that proper notice of petitioners' application under 64(a)(1) was not given in accordance with the statutory requirements of Section 58(a)(8) because, he claims, no notice went to creditors as to the amount of the fees being sought by the Ballon firm. The record indicates, however, that the Referee's order to show cause dated March 5, 1971 was served upon all creditors, counsel for the trustee, and the trustee. The application of Ballon, Stoll & Itzler was annexed to the

order to show cause and specifies the sum of $15,000 having been paid, prior to the bankruptcy, to the Ballon firm. There is further annexed to the order to show cause a copy of the Referee's opinion, which makes it clear that the sum in issue was $15,000. We believe that, cumulatively, these documents satisfy the requirements of Section 58(a) of the Act and of the analogous Bankruptcy Rule 16 of this Court.

The major and substantive disputes between the petitioners on the one hand and the trustee and Referee on the other are whether the Ballon firm's prior petition pursuant to Section 64(a)(1)—for allowances for services rendered *during* the course of the bankruptcy proceedings—was ripe for consideration at the time it was filed, and whether the Referee had authority to make an award for the services rendered by counsel to the debtor in an aborted arrangement proceeding.

■ The Referee made no mention of the 64(a) application in his opinion, and we can only surmise that he believed it was submitted prematurely or that he had no authority to consider it. The trustee takes the position that this determination was properly within the Referee's discretion and cites In re Paramount-Publix Corp., 10 F.Supp. 504, 510 (S.D.N.Y.1934), to the effect that "the value of legal services can be finally chancered more wisely at the termination of any proceeding than at an intermediate stage thereof, for only when the result of the efforts of attorneys is known do the elements on which the value of their services depend appear in their proper perspective." However sage this observation may be, it does not get us very far in the present circumstances, for here the results of the efforts of the attorneys are already completed and known. We believe that in such circumstances it is reasonable and proper that the 64(a) application be currently considered and determined.

■ As Collier states: "As a rule compensation for services may be applied for as soon as the services are completed." 3A Collier on Bankruptcy, 1644 (14th Ed., 1969).

■ The procedure followed by the Ballon firm in filing a 64(a) petition in opposition to the trustee's motion under 60(d) is certainly permissible.

"Since a pre-bankruptcy payment for legal services raises a problem of refunding money to the estate, where the recipient has continued as the bankrupt's attorney and earned an allowable fee under § 64, there may result a set-off of the allowable fee against the fee to be returned or a disallowance of fees earned in the bankruptcy proceedings, by reason of an invalid or overpayment of services prior to them." 3A Collier on Bankruptcy, 1601.

Judge Mishler's holding in In re Shon Industries, CCH Bankruptcy Reports, ¶ 61,483 (E.D.N.Y.1965), is consistent with this view, as is Judge Sugarman's in Matter of Knickerbocker Leather & Novelty Co., Inc., 158 F.Supp. 236 (S.D. N.Y.1958), aff'd sub nom. Haar v. Oseland, 265 F.2d 218 (2d Cir. 1959). We also find persuasive in this regard the excerpts from remarks of various referees at the Seminars for Referees in Bankrupcty set out in the Memorandum in Support of the instant petition at pages 13 through 15.

■ Although it is true that the fees due the Ballon firm are of second priority, superseded by the trustee's administration expenses, the record indicates that the estate had total assets of over $146,000 and that there was nō likelihood that the assets would not be sufficient to pay the trustee's expenses, the fees for the trustee's attorney and those of the Ballon firm. Accordingly, the question of priority would not, as a mat-

ter of fact, bar present determination of the 60(a) application.

■ The trustee's final contention is that under the ruling of the Ninth Circuit in Robinson, Wolas and Hagen v. Gardner, 433 F.2d 1104 (1970), the court is not authorized by the statute to award compensation to a debtor's attorneys in unsuccessful arrangement proceedings, even if the services benefit the estate. There is no doubt that this was the holding of *Robinson,* but there is considerable doubt as to whether that decision represents the present state of the law. For one thing, the *Robinson* opinion was based on an interpretation of Section 337(2) of the Bankruptcy Act, which has since been amended, and accordingly *Robinson* is of little help to us; but it may be observed that the Seventh Circuit in In re Higginbotham, 430 F.2d 155 (1970), came to the opposite conclusion. We find the *Higginbotham* view more persuasive.

We also agree with petitioners' contention that this construction is supported by the fact that when Congress in 1967 amended Section 337 it specifically excluded authority to award fees for counsel to a creditors' committee in the event of an aborted arrangement, but did not exclude authority to make such an award to counsel for the debtor in possession. There are good policy reasons for permitting such an award, since the incentive of compensation will certainly stimulate constructive efforts by debtor's counsel to bring about an arrangement beneficial to all concerned. See Note "Bankruptcy—Compensation of Attorneys—Court Clarifies Standards for Compensation in Chapter XI Proceedings," 42 N.Y.Law Rev. 142 (1967).

Finding, as we do, that the necessary procedural requirements of notice and otherwise have been met and that the Referee had authority to act upon petitioners' 64(a) application, and should have done so, the petition for review is granted.

Submit order on notice.