**In re Thomas Ewell RIGGIN, Debtor.**

**Bankruptcy No. 84–B–0196.**

United States Bankruptcy Court,
D. Maryland.

June 6, 1984.

Lloyd Whitehead, Salisbury, Md., for debtor.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

Thomas Ewell Riggin filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 10, 1984. He and his spouse, Deborah Ann Riggin, had previously filed a Chapter 11 proceeding on April 5, 1983. That proceeding had been dismissed by Judge Schneider on January 6, 1984, on debtors' motion. The counsel for Mr. Riggin in the previous Chapter 11 and in the present Chapter 7 is Lloyd O. Whitehead, Esquire, an experienced bankruptcy attorney whose Rule 2016(b) statement filed in this action indicated promised compensation of $1,000. On February 28, 1984, Judge Schneider passed a Show Cause Or-

der directing Mr. Whitehead and his client to appear in bankruptcy court in Salisbury on April 6, 1984, to respond to the Judge's order stating:

> "The amount appears unusually high for an individual Chapter 7 case, particularly since counsel also represented the debtor in a joint Chapter 11 case which was dismissed little more than a month prior to the filing of this case. The debtor's counsel filed a Rule 2016 Statement in the Chapter 11 case, No. 83–B–1355, disclosing that a retainer of $800 had been paid against a minimum fee of $3,000 for representation in that case. Normally, this Court would not have approved additional compensation had Case No. 83–B–1355 merely been converted from Chapter 11 to Chapter 7."

Prior to the return date, counsel filed a response noting that the Rule 2016 Statement filed in Case No. 83–B–1355 was in error. He corrected the statement by pointing out that the agreement that he had with his clients was that they would pay compensation of $90 an hour plus expenses, with a minimum fee of $2000.

Counsel's response stated further that his fees and expenses in the previous proceeding aggregated $2,901 less $1,000 paid, leaving a balance due on the previous Chapter 11 proceeding of $1,901.

The $1,901 account payable was not listed on debtor's Schedules in the Chapter 7 proceeding. Counsel explained this omission in paragraph 3 of his response to the Show Cause Order:

> "3. That the Debtor has agreed to pay the $1901.00 balance due on the bill as he is able to accumulate the money toward payment, and has agreed with his attorney that the said sum is a reasonable bill for the time spent by the attorney working on his affairs."

In other words, counsel and his client have agreed to except from discharge in the Chapter 7 case the balance due in the Chapter 11 proceeding. The prospective fee of $1,000 is apparently satisfactory to the debtor, as is presumably the arrangement to pay the $1,901 account payable despite the forthcoming discharge in bankruptcy.

Counsel's response to the Show Cause Order issued by Judge Schneider concluded with the following paragraph:

> "9. That in the event the Court should decide that for some reason the undersigned attorney has overcharged the undersigned debtor, which neither the attorney who has charged the fee, nor the Debtor who has to pay it, believes to be the case, the attorney is willing to withdraw immediately from this case and let the Debtor find another attorney of his choosing and to pay that other attorney under the supervision of this court, or to have this Court appoint an attorney of its choice to represent the debtor in this matter, but under no circumstances does Counsel desire to continue in this matter if he has no prospects of being paid."

By this paragraph, counsel suggests that if this court has the impertinence to question his compensation, he will practice somewhere else. He further suggests that the court has the power to appoint an attorney of its choice to represent the debtor.

The price that Mr. Riggin has agreed to pay for the representation of the counsel of his choice is $2,901, consisting of his agreement to pay the account payable, notwithstanding discharge, and an additional $1,000.

■ This matter is governed by § 329 of the Bankruptcy Code and Bankruptcy Rule 2017(b). These provisions are set out below:

§ 329. *Debtor's transactions with attorneys*

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of and in connection with the case

by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the trustee, if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11 or 13 of this title; or

(2) the entity that made such payment.

Rule 2017. *Examination of Debtor's Transactions With His Attorney*

\*      \*      \*      \*      \*      \*

(b) *Payment or Transfer to Attorney After Commencement of Case.* On motion by the debtor or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after the commencement of a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

Although neither the Code nor the Rules provide a procedure for the judicial examination of compensation, that responsibility clearly falls upon the court and requires the court's own initiative. *See Collier on Bankruptcy* § 329.05 (15th Ed.1984 Supp.).

▮▮▮▮ The measure of counsel's compensation in this Chapter 7 proceeding must be examined independent of his claim for an account receivable that would be otherwise dischargeable. Boiling down the arrangement between attorney and client in this particular case, we find that counsel is to receive $1,901 for a Chapter 7 proceeding, much of the work having been done previously in the unsuccessful Chapter 11. The court finds this compensation to be excessive, and holds that the fee requested can-

not be allowed. Although the debtor consents to the fee, that is true of every bankruptcy case. The attorney could not be hired without the consent of the client. Furthermore, in cases under Title 11 the client is most often in a desperate situation and will agree to almost any arrangement.

The court adopts the language of Judge Brody in the case of *Matter of Olen*, 8 B.C.D. 555, 5 C.B.C. 944, 946–7, 15 B.R. 750 (Bkrtcy.E.D.Mich.1981):

Section 329(b), derived from section 60d of the Bankruptcy Act and Bankruptcy Rule 220(a), provides that the court may examine into reasonableness of compensation paid by a debtor to an attorney for services rendered or to be rendered in contemplation of filing a bankruptcy proceeding and may order the return of any part of that payment to the extent it is excessive. "It matters very little to a bankrupt whether his attorney fee is large or small, since it will be paid out of the assets which, in any event, would normally be consumed in distribution." Committee on the Judiciary, House of Representatives, Report on H.R. 2833 (An Act to Amend Subdivision d of Section 60 of the Bankruptcy Act). *H.R.Rep. No. 88–99*, 88th Cong., 1st Sess., *reprinted in U.S.Code Cong. and Admin.News* 88th Cong., 1st Sess. 638 (1963). In this context, the need for judicial scrutiny of legal fees paid to an attorney for a debtor contemplating bankruptcy, becomes self-evident. *Conrad v. Pender*, 289 U.S. 472 [53 S.Ct. 703, 77 L.Ed. 1327] (2d Cir.1933); *In re Wood and Henderson*, 210 U.S. 246 [28 S.Ct. 621, 52 L.Ed. 1046] (8th Cir.1908); *In re Louisiana Loan and Thrift Corporation*, 416 F.2d 898 (5th Cir.1969); *In re Buchanan*, 66 F.2d 416 (2d Cir.1933); *cert. denied Mackey v. Irving Trust Co.*, 290 U.S. 682 [54 S.Ct. 120, 78 L.Ed. 588] (1933); *In re David Bell Scarves, Inc.*, 61 F.2d 771 (2d Cir.1931); *In re Klein-Moffett Co.*, 27 F.2d 444 ([D.C.Md.] 1928); *In re Stolp, et al.*, 199 F. 488 (1912); *In re Cybern Education, Inc.*, 378 F.Supp. 835 (N.D.Ill.1974); *In the*

*Matter of Knickerbocker Leather & Novelty Co., Inc.,* 158 F.Supp. 236 (S.D. N.Y.1958); *In the Matter of Alexis J. Guy,* 2 B.C.D. 1474 (Minn.1976).

By any standard, the requested fees are excessive. In the colloquy between the court and counsel, counsel was asked whether he would formally relinquish any right or claim to compensation in the prior Chapter 11 proceeding, provided that he would undertake to represent the client for the agreed fee in this case. Counsel did not elect that option, standing on his "right to receive $3,000 from his clients."

Obviously, this court cannot prevent Mr. Whitehead from collecting and Mr. Riggin from paying the account receivable of $1,901. Were Mr. Riggin to seek other counsel, he would find that the debt would be discharged and the $1,000 compensation sought in this case is as described by Judge Schneider, "unusually high for an individual Chapter 7 case." The fee statement filed by counsel with the petition is rejected.