**In the Matter of David FULTON, Debtor.**

**Bankruptcy No. BK87–574.**

United States Bankruptcy Court, D. Nebraska.

Jan. 5, 1988.

**1010**

Clay B. Statmore, Lincoln, Neb., for debtor.

Richard K. Lydick, Omaha, Neb., trustee.

## MEMORANDUM OPINION

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

THIS MATTER comes before the Court on a Motion to Approve Attorney's Fees (Fil. # 38, September 9, 1987), by Debtor's attorney under 11 U.S.C. § 330, Rule 2016(b) and Local Rule 12–9.

## FACTS

This Court ordered the Debtor's attorney to file a fee application after making a determination at the confirmation hearing for Debtor's Chapter 12 plan, that no such application had been filed. The attorney filed the application and made a separate filing of an affidavit which listed various services he had performed on behalf of the Debtor in bringing his plan to confirmation. (Fil. # 39, September 9, 1987). This affidavit listed services without any notation as to how much time had been spent on each task; nor was there a total time listed for the case. The hourly rate charged by counsel could not be determined from the affidavit. The attorney explained that he does not keep time records with respect to legal services incurred in connection with bankruptcy matters because he charges a flat fee rather than an hourly rate. Affidavit, (Fil. # 39). The flat fee in this case was Two Thousand Dollars ($2,000.00). In accordance with 11 U.S.C. § 329, and Rule 2016(b), the attorney disclosed that he had been paid a pre-petition fee of Two Thousand Dollars ($2,000.00) for services rendered, or to be rendered in this case. (Fil. # 2, March 2, 1987).

## ISSUES

### I.

Is it necessary for Debtor's counsel to file an application with the Court for approval of fees when Debtor's counsel was paid a retainer before the bankruptcy petition was filed and no further payments are sought to be paid to Debtor's counsel?

### II.

Does the fee application before the Court contain sufficient information to permit a reasoned review by the Court?

## RULING

### I.

Absent a Court order under Rule 2017, a fee application need not be filed by Debtor's counsel if no compensation is

sought beyond that paid prior to the filing of the bankruptcy petition.

## II.

■ The fee application before the Court is not approved because it does not provide sufficient information.

### DISCUSSION

*Necessity of Filing Fee Application*

■ Rule 2016 explicitly requires a fee application to be filed with the Court by an entity seeking interim or final compensation. This rule does not expressly require a fee application to be filed if no interim or final compensation is sought. One could construe the term "interim" as used in Rule 2016 to apply to compensation received prior to the filing of the bankruptcy petition. However, the statutory scheme read as a whole rebuts such an interpretation. Pre-petition compensation must be disclosed under Bankruptcy Code § 329 and Rule 2016(b). Upon its own initiative or on motion of any party-in-interest, the Court may determine under Rule 2017 whether any payment of money by the Debtor made in contemplation of the filing of a petition under the Code is excessive. Reading Rule 2016 in light of the provisions of Rule 2017(a), this Court concludes that a fee application is not required to be filed respecting pre-petition compensation provided that no further compensation is sought. Rule 2017 provides an adequate procedure for initiating a review of pre-petition compensation. In the common situation where Debtor's counsel receives a pre-petition payment which covers only a portion of the services to be rendered, it is necessary for the interim or final fee application to describe all services rendered including those paid for prior to the commencement of the bankruptcy case.

■ Nebraska Local Rule 12–9 applies in Nebraska Chapter 12 bankruptcy cases. It requires, among other things, that a "retained professional must file an application in conformance with Rule 2016 no later than ten (10) days prior to the confirmation hearing." This local rule is consistent with Rule 2016 and Rule 2017. Local Rule 12–9 does not of its own force require a fee application to be filed if no compensation is sought beyond that paid prior to the filing of the bankruptcy petition.

■ In this Chapter 12 case, counsel was required to file a fee application pursuant to a Court order. That order was appropriate under Rule 2017.

*Adequacy of Fee Application*

■ The Court is obligated to review applications for compensation for their reasonableness. *In re Riggin,* 40 B.R. 458, 11 B.C.D. 1336, 1337 (Bankruptcy D.Md.1984), *In re Paul C. Wildman, et al,* 72 B.R. 700, 15 B.C.D. 1189, 1191 (Bankruptcy N.D.Ill. 1987). In order to make a reasoned evaluation of the fees and expenses requested, the Court must have a detailed breakdown of the work performed and the time expended on each item of business. This breakdown should list the date; the service performed; the time required to complete that service; and, the staff person who performed the task, i.e. attorney, law student-clerk, secretary, etc.; the amount of time expended on each task should be specified and services, particularly telephone calls, should not be "lumped" together to establish a block of time. Hourly rates for the attorney and other individuals associated with the case should be listed, in addition to the total compensation requested, unless the services were rendered as a package for which a flat fee was charged and then the effective hourly rate should be calculated and disclosed. In addition, the fee application must contain all the information required by Rule 2016.

■ Even in cases in which the attorney has agreed to handle the entire case for a flat fee, it is still necessary for that attorney to describe his activities as applied to the case with detail. The Court is fully aware that in some instances unanticipated complications arise which reduce the attorney's flat fee to an extremely low hourly rate, and in other instances, anticipated problems do not materialize or are more easily solved than projected so that the hourly rate is higher than normal. In determining the reasonableness of the com-

pensation, the Court will consider that the amount of services to be provided was contingent at the time that the fee agreement was reached.

## CONCLUSION

As these standards are applied to this case, the itemization of activities and time allotments is woefully inadequate. The fee application cannot be approved in its present form. It does not provide a factual basis for the Court to reach a reasoned opinion as to the reasonableness and necessity of the services provided. Not only is there no item-by-item allowance; there is not even an estimate of the total time expended on this case.

Although Debtor's counsel has not kept an actual log on the time he has spent on the various services involved in conducting the case, he is an experienced attorney and should be able to estimate the length of time it took to handle each service he has rendered. Debtor's counsel is to amend his affidavit and application for attorney's fees to include the information required by Rule 2016 and a good faith estimate of the time he devoted to each item of service and the total time spent on this case.

IT IS THEREFORE ORDERED, on the basis of the above discussion, that the application for attorney's fees is denied without prejudice to the filing of an amended application and affidavit.