In re Frederick J. SCHUTTE, III, and Barbara A. Schutte, Debtors.

**Bankruptcy No. 86–02607–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

April 5, 1990.

---

John V. LaBarge, Jr., Kirkwood, Mo., trustee.

Charles W. Riske, Kirkwood, Mo., for trustee.

Richard Sheerar, St. Louis, Mo.

Hyatt Legal Services, Bridgeton, Mo.

## FINDINGS AND CONCLUSIONS

JAMES J. BARTA, Bankruptcy Judge.

The matters being considered here are the applications of counsel for the allowance of legal fees. Upon consideration of the record as a whole, the Court enters the following findings and conclusions.

This is a core proceeding pursuant to Section 157(b)(2)(A), (B), (C) and (O).

The Debtors commenced this case by filing a Petition for relief under Chapter 13 on October 17, 1986. The Petition identified Richard C. Sheerar as the Debtors' attorney.

The disclosure of fees statement filed on October 17, 1986, indicated that the Debtors had paid their attorney the amount of $720.00 and that no additional money was to be paid.

Upon the Debtors' written request, the Chapter 13 case was converted to a case under Chapter 7 on January 15, 1987. The Debtors' written motion contained the following statement over the signature of the Debtors' counsel: "Hyatt Legal Services, Richard C. Sheerar."

The disclosure of fees statement submitted with the motion to convert reflected that the Debtors had paid an additional $720.00 for legal services in connection with the conversion.

On September 16, 1987, Richard C. Sheerar filed a document titled, "Substitution of Attorney, Notice of New Address." The document substituted Richard C. Sheerar, individually for Hyatt Legal Services as the Attorney for the Debtors.

On September 21, 1987, Richard C. Sheerar filed an application for additional legal fees, requesting $1,236.25. This application was later withdrawn and amended.

Hyatt Legal Services filed the following documents on October 23, 1987: A notice of withdrawal as legal representative of the Debtors; an application for compensation for legal services rendered; and an objection to the allowance of compensation requested by Richard C. Sheerar.

On March 4, 1988, Hyatt Legal Services filed an entry of appearance as attorney for the Debtors. The entry of appearance form was not signed by the Debtors.

On April 20, 1988, Hyatt Legal Services filed a memorandum of withdrawal as attorney for the Debtors on the Debtors' request.

On August 1, 1988, Richard C. Sheerar filed a withdrawal of his original application for additional fees and filed an amended application requesting an additional $607.50.

Hyatt Legal Services filed an affidavit in support of its application for additional fees on February 10, 1989.

As part of the final meeting in the Chapter 7 case, the Debtors filed an objection to the allowance of the application of Hyatt Legal Services, arguing that they had contracted with Richard C. Sheerar to be their attorney for this bankruptcy case.

■ The Court further finds that immediately prior to and during the course of this bankruptcy case, the Debtors paid a total of $2,490.00 to Hyatt Legal Services; and that in this bankruptcy case, the attorney of record for the Debtors is Richard C. Sheerar; and that as attorney for the Debtors prior to September 16, 1987, Richard C. Sheerar was an employee of Hyatt Legal Services; and that in the circumstances presented in this case, the reasonable value of the legal services rendered to the Debtors is $1,350.00 for the period through September 16, 1987; and that therefore Hyatt Legal Services is entitled to compensation in the amount of $1,350.00 for legal services rendered to the Debtors through September 16, 1987; that Richard C. Sheerar is entitled to receive additional compensation for legal services rendered to the Debtors for their benefit in this case between September 29, 1987 and December 22, 1987 in the amount of $390.00, but not as a claim against this estate; and that Hyatt Legal Services has not established that it is entitled to additional compensation in this case.

The Court will not further address the apparent disagreement between Hyatt Legal Services and Richard C. Sheerar. This matter is more appropriately a subject of additional negotiations between counsel at their discretion.

■ Therefore, of the $2,490.00 paid by the Debtors and held in trust for them, Hyatt Legal Services may retain the amount of $1,350.00 for legal services rendered; Hyatt Legal Services is to pay to Richard C. Sheerar the amount of $390.00 as additional compensation for legal services rendered on behalf of the Debtors only; and that Hyatt Legal Services is to return to the Debtors the balance in the amount of $750.00 plus interest thereon from January 24, 1989 (the date of the Debtors' objection) through the date of payment, as a refund of excessive fees pursuant to 11 U.S.C. § 329(b) and Bankruptcy Rule 2017. *In re Riggin*, 40 B.R. 458 (Bankr.D.Md.1984).

### ORDER

Upon consideration of the record as a whole, and consistent with the Findings and Conclusions entered in this matter,

IT IS ORDERED that this hearing be concluded; and that the Debtors' objection to the application for allowance of compensation on behalf of Hyatt Legal Services, is sustained; and that Hyatt Legal Services is allowed the amount of $1,350.00 as compensation and fees for legal services rendered to the Debtors in this case; and that Richard C. Sheerar is allowed the amount of $390.00 as additional compensation for legal services rendered to the Debtors; and that Hyatt Legal Services is to pay to Richard C. Sheerar, said allowed amount of $390.00 from the money paid to it by the Debtors; and that Hyatt Legal Services is to refund to the Debtors the remaining balance of the money paid by the Debtors pursuant to Section 329(b) of Title 11 of the United States Code and Bankruptcy Rule 2017, in the amount of $750.00.