**In the Matter of KNICKERBOCKER LEATHER & NOVELTY CO., Inc., Bankrupt.**

United States District Court
S. D. New York.
Jan. 23, 1958.

David Haar, New York City, petitioner, pro se.

Kaye, Scholer, Fierman & Hays, New York City, Charles H. Cohen, New York City, of counsel, for trustee.

SUGARMAN, District Judge.

On February 4, 1956, Knickerbocker Leather & Novelty Co., Inc., bankrupt, finding itself in financial difficulties, consulted petitioner, an attorney, and retained him to file an arrangement under Chapter XI of the Bankruptcy Act. Knickerbocker agreed to pay petitioner $2,500 for his services and $50 disbursements. One thousand fifty dollars was paid on February 7, 1956. On February 8, 1956 petitioner filed the necessary papers for an arrangement under Chapter XI, 11 U.S.C.A. § 701 et seq. Petitioner subsequently collected the $1,500 balance of his fee pursuant to an assignment given to him on February 7, 1956 by Knickerbocker on its accounts receivable, then pledged to a factor as collateral for loans.

Petitioner advised Knickerbocker throughout the pendency of the Chapter XI arrangement proceeding (February 8th to May 15th, 1956) which would have been consummated except that a person who was to advance the fund for the requisite deposit under Chapter XI, withdrew his financial support. Accordingly, on May 15, 1956, the Referee entered an order under Section 322 of the Bankruptcy Act, adjudging Knickerbocker a bankrupt and directing that bankruptcy be proceeded with. A trustee was duly appointed. On May 17th, 1957 the trustee petitioned the Referee, under Section 60, sub. d of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. d, to re-examine the fee paid by the bankrupt to petitioner in contemplation of filing the petition for arrangement, to determine a reasonable amount for such services and to direct the petitioner to return the excess, if any, to the trustee.

The Referee fixed petitioner's fee for his services between February 4th, the date of his retainer, and February 8th, the date the petition for the arrangement was filed, at $200 and directed petitioner to pay the trustee the $2,300 difference. Petitioner now petitions for review of the Referee's determination.

The Referee did not hold, as petitioner seems to argue, that petitioner could not ever be compensated for his services to the then debtor between February 8th and May 15th, 1956. He merely held that allowance for such services must await an application therefor under § 64, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(1), upon notice thereof under § 58, sub. a(8) of the Act, 11 U.S.C.A. § 94, sub. a(8).

The Referee's order that petitioner return to the trustee so much of the bankrupt's payment of $2,500 made to petitioner while the Chapter XI arrangement was pending, as exceeded reasonable compensation for petitioner's services between February 4th and February 8th, is entirely proper under § 60, sub. d of the Act.

The Referee undertook to fix petitioner's fee for services rendered between February 4th and February 8th without taking any proof other than petitioner's affidavit of services then rendered.

Applying the test of Canon 12 of the Canons of Professional Ethics of the New York State Bar Association (Judiciary Law, Appendix, 29 McKinney's Consol.Laws of New York, c. 30) to that proof, I find petitioner's services to be reasonably worth the sum he requested therefor, to wit, $500.

The Referee's order of November 27, 1957 is modified by increasing the allowance to petitioner "for services performed up to and including the filing of the petition and other papers on February 8, 1956" to $500 and by reducing the amount "that the trustee recover from [petitioner] for the benefit of the estate" to $2,000.

It is so ordered.