411 F.2d 201
 In the Matter of HYDROCARBON CHEMICALS, INC., and its
subsidiaries Berkeley Shore Estates, Hyspec Container
Corporation, Burlington Development Company, Inc.,
Hydrocarbon Realty Development Co., Inc., Lanoka Investment
Corp., Lanoka Harbor Land Company, Inc., all New Jersey
corporations, Debtors.
Robert Friedlander, Esquire, Appellant.
 No. 16789.
 United States Court of Appeals Third Circuit.
 Argued Jan. 19, 1968.
Decided June 10, 1968.
 
 Louis P. Introcaso, Novogrod & Introcaso, Asbury Park, N.J. (Robert Friedlander, Asbury Park, N.J., on the brief), for appellant.
 Michael R. Griffinger, Crummy, Gibbons & O'Neill, Newark, N.J., for appellee.
 Janet G. Gamer. Securities and Exchange Commission, Washington, D.C. (Philip A. Loomis, Jr., General Counsel, David Ferber, Sol., Richard M. Phillips, Asst. General Counsel, Richard V. Bandler, Associate Regional Adm'r New York Regional Office, Securities and Exchange Commission, on the brief), for Securities and Exchange Commission.
 OPINION OF THE COURT
 Before HASTIE, Chief Judge, GANEY, Circuit Judge, and WEINER, District judge.
 GANEY, Circuit Judge.
 
 
 1
 The sole question involved here is whether Robert Friedlander, counsel for the debtor in the above mentioned action should be denied compensation by the court for services rendered in the exercise of its equitable powers. Briefly, the circumstances here were as follows: The appellant, Friedlander, two days before he filed a petition for relief of the Hydrocarbon Chemicals, Inc., under Chapter XI of the Bankruptcy Act, sold short stock of the company and covered his short sale by a purchase of the debtor-company stock after the petition had been filed, thereby making a profit on the same. The petition for relief under Chapter XI filed by Friedlander on behalf of Hydrocarbon Chemicals, Inc., was dated July 10, 1963. On December 12, 1963, unable to comply with the provisions of Chapter XI, the court granted the motion to amend the petition to comply with the provisions of Chapter X of the Bankruptcy Act and this was done on behalf of the said Company by Friedlander. After the transfer of the proceedings to Chapter X, Friedlander continued to serve as attorney for the debtor and at the close thereof filed his petition for counsel fees alleging the preparation of the petition under Chapter XI, its amendment and transfer to Chapter X, as well as formulating a proposed arrangement under Chapter XI.
 
 
 2
 The court below held that 249 of Chapter X of the Bankruptcy Act, 11 U.S.C. 649, was a bar to appellant's claim for compensation and provides that, 'no compensation or reimbursement shall be allowed to any person acting in a representative or fiduciary capacity or who at any time after assuming to act in such capacity has purchased or sold claims of stock of the debtor.' Section 328 of the Bankruptcy Act, 11 U.S.C. 728, which provides for dismissal of proceedings under Chapter XI which should have been brought under Chapter X unless the petition is amended to comply with the requirements of Chapter X, states as follows: '* * * such amended petition * * * shall thereafter, for all purposes of this title, be deemed to have been originally filed under such chapter.' Since it had become obvious after trying to seek an arrangement of the capital structure under Chapter XI that the proceedings should have been brought under Chapter X and was so transferred, appellant seeks compensation under Chapter X proceedings on the ground that his services in the Chapter XI proceedings were beneficial to the Chapter X proceeding. In the event such services can be compensated for under Chapter X, it is obvious that 249 adverted to above operates and bars compensation therefor. Wolf v. Weinstein, 372 U.S. 633, 642, 648-649, 83 S.Ct. 969, 10 L.Ed.2d 33.
 
 
 3
 The judgment of the lower court will be affirmed.