**In re DESIGNAIRE MODULAR HOME CORPORATION.**

**Appeal of LEVI, MANDEL AND MILLER (now Jenkins, Miller & Jenkins, P.C.).**

**No. 74–1928.**

United States Court of Appeals, Third Circuit.

Argued March 17, 1975.

Decided June 5, 1975.

As Amended July 16, 1975.

Mitchell W. Miller, Jenkins, Miller & Jenkins, P.C., Philadelphia, Pa., for appellants.

Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Crombie J. D. Garrett, Karl Schmeidler, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee; Robert E. J. Curran, U. S. Atty., of counsel.

Before ALDISERT, GIBBONS and GARTH, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

This appeal, from a district court order entered upon a petition for review of a decision of a bankruptcy judge, brings before us the question whether the bankruptcy court may award an attorneys fee out of the bankrupt's estate to an attorney representing a debtor out of possession in an unsuccessful proceeding for an arrangement under Chapter XI. In reliance on *In re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203 (3d Cir.) (en banc), *cert. denied*, 396 U.S. 823, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969), the bankruptcy court held that as a matter of law no compensation may be paid from the bankrupt's estate to a debtor's attorney in such a position. The district judge affirmed. We reverse, because the holdings of the bankruptcy judge and the district judge are inconsistent with the new Bankruptcy Rules relating to Chapter XI which became effective on July 1, 1974, and misinterpret the current effect of the *Hydrocarbon* case.

On November 18, 1970 the debtor, represented by the firm of Levi, Mandel and Miller (now Jenkins, Miller & Jenkins, P.C.) filed a Chapter XI petition for an arrangement with its creditors under § 322 of the Bankruptcy Act, 11 U.S.C. § 722. Two days later a receiver was appointed with full power to operate the debtor's business. § 332, 11 U.S.C. § 732. On March 16, 1972, pursuant to § 376, 11 U.S.C. § 776, the debtor was adjudicated a bankrupt, and liquidation in bankruptcy was proceeded with. In the bankruptcy proceeding the debtor's attorney filed an application for counsel fees in that capacity in the sum of $7,500. The Internal Revenue Service was granted leave to intervene in opposition to the fee request, and successfully opposed any award.

Prior to the effective date of the new bankruptcy rules relating to Chapter XI proceedings, the Second Circuit took the position that there was statutory authority for the payment of an attorneys fee out of a bankrupt estate to an attorney for the debtor in a superseded Chapter XI. *In re Casco Fashions, Inc.*, 490 F.2d 1197 (2d Cir. 1973); *In re Knickerbocker Leather & Novelty Co.*, 158 F.Supp. 236 (S.D.N.Y.1958), *aff'd sub nom. Haar v. Oseland*, 265 F.2d 218 (2d Cir. 1959). The Ninth Circuit, on the other hand, held that if no arrangement was accepted by creditors and bankruptcy followed, no attorneys fees could be paid to the debtor's attorney from the estate. *Robinson, Wolas and Hagen v. Gardner*, 433 F.2d 1104 (9th Cir. 1970). The bankruptcy judge and the district judge in this case assumed, erroneously as we shall shortly suggest, that *Hydrocarbon* aligned this circuit with the view of the Ninth Circuit. But before proceeding to a discussion of the limitations of the *Hydrocarbon* holding, it is appropriate to consider Rule 11–31 which provides:

"Bankruptcy Rule 219 applies in Chapter XI cases. Reasonable com-

pensation for services beneficial to the estate and reimbursement of necessary expenses may be allowed to the attorney for the debtor and debtor in possession *whether or not a plan is confirmed.*" (emphasis supplied)

The Advisory Committee's note to Rule 11–31 states:

"Under this rule, the provisions of Bankruptcy Rule 219 would apply to compensation sought for services in the Chapter XI case and any case superseded thereby. The second sentence is to clarify the practice of permitting compensation, where a Chapter XI case is converted in bankruptcy, to the attorney for the debtor for services which had benefitted the estate. See In re Knickerbocker Leather & Novelty Co., 158 F.Supp. 236 (S.D.N.Y.1958), aff'd sub nom. Haar v. Oseland, 265 F.2d 218 (2d Cir. 1959); Matter of Styles Express, Inc., No. 62B 922 (S.D.N.Y.1971) (permitting compensation); Robinson, Wolas, & Hagen v. Gardner, 433 F.2d 1104 (9th Cir. 1970) (disallowing compensation)."

It was the draftsmens' clearly expressed intention that the Ninth Circuit holding be disapproved, that the Second Circuit holdings be approved, and that the availability of fee awards to the attorney for the debtor in superseded Chapter XI cases, whether or not the debtor remained in possession, be approved when the services benefited the estate. The reference in Rule 11–31 to Rule 219 is to the general rule on compensation out of the estate for services rendered and expenses incurred in proceedings under Chapters I–VII. Rule 219 is based upon the statutory authorization for such compensation under §§ 62a(1) & 64a(1) of the Act, 11 U.S.C. §§ 102a(1), 104a(1). These are the same statutory authorizations upon which Judge Friendly relied in holding, in the *Casco* case, that allowances to a debtor's attorney were proper. By virtue of § 302 of the Act, 11 U.S.C. § 702, both § 62 and § 64 apply to Chapter XI proceedings unless inconsistent. The Second Circuit saw no conflict, the Advisory Committee which drafted Rule

11–31 saw no conflict, and Congress, when it considered Rule 11–31, apparently saw no conflict. That, one would think, should have been enough to end the inquiry as to the bankruptcy court's power to make the award if the services of the debtor's attorney benefited the estate.

But the district judge and the bankruptcy judge found in our *Hydrocarbon* decision, what appeared to them as authority for the holding that the plain language of Rule 11–31 might be disregarded. Their theory was that the law in this circuit permitted payment out of the bankrupt estate only to attorneys or other officers whose appointment was made by order of the court. If this was so, they concluded, Rule 11–31 made no change. That conclusion was buttressed by reference to new Chapter XI Rule 11–22:

"Bankruptcy Rule 215 applies in Chapter XI cases to the employment of attorneys and accountants for a trustee, receiver, debtor in possession, or creditors' committee selected pursuant to Rule 11–27."

Rule 215, to which Rule 11–22 cross references, provides in part:

"No attorney or accountant for the trustee or receiver shall be employed except upon order of the court. . . . Notwithstanding . . . the court may authorize the employment of an attorney or accountant who has been employed by the bankrupt when such employment is in the best interest of the estate. . . ."

To understand the thrust of Rule 11–22 and Rule 215 one must appreciate the dual nature of a Chapter XI proceeding. It is in essence a debtor's proceeding. The debtor seeks the shelter of the court while he negotiates with representatives of his unsecured creditors for a settlement, satisfaction or extension of his obligations to them. §§ 306, 307, 11 U.S.C. §§ 706, 707. A petition for Chapter XI relief can only be voluntary. §§ 321, 322, 11 U.S.C. §§ 721, 722. An arrangement cannot be confirmed unless it is

accepted by a majority in number and amount of the debtor's unsecured creditors. § 362, 11 U.S.C. § 762.

■ Obviously then, the first task of an attorney for a debtor is to negotiate with representatives of unsecured creditors in an adversarial posture *for* such settlement, satisfaction or extension as will afford his client, the debtor, the greatest opportunity of surviving in business. The presumption is that in the adversarial context representatives of creditors will exact the maximum payments consistent with preservation of the going concern value of the enterprise. Since that value usually will be higher than if the business is liquidated, the task of the creditor representatives is to balance what they can obtain in liquidation against what the debtor can pay and still survive. It is perfectly clear that the court can neither properly select nor approve the attorney who will negotiate with creditors on behalf of the debtor. That attorney must owe his first loyalty to his client, and the client must be free to make the choice of counsel.

■ At the same time, however, by seeking the shelter of the Chapter XI court, the debtor takes on an intensified fiduciary obligation toward his creditors. He cannot be permitted to utilize the stay provisions of that chapter so as to continue needless and costly erosions of the estate, or to speculate with property which should be liquidated to pay his debts. Sometimes the bankruptcy court takes the estate out of the debtor's hands by appointing a receiver during the proceedings. § 332, 11 U.S.C. § 732. That receiver, of course, owes his loyalty to the creditors whose interests he has been appointed to safeguard. It is entirely appropriate that appointment of *his* attorney be approved by court order if attorney's services are required for the operation of the debtor's business. In cases where receivers are not appointed, but a debtor is continued in possession, the debtor occupies a fiduciary position with respect to preservation of the estate analogous to the position of a re-

ceiver. If the debtor in possession requires the services of an attorney, not in connection with the negotiation and confirmation of a plan of arrangement, but in connection with the operation of the business, it is appropriate that the court have the same control over such attorney's selection as over the selection of the attorney for a Chapter XI receiver. By recognizing the difference in function between the attorney for the debtor in his capacity as such, and his function as attorney for a debtor in possession one can reconcile any apparent conflict between Rules 11–31 and 219 on the one hand, and Rules 11–22 and 215 on the other.

Obviously this interpretation suggests that in the absence of a prior court order the attorney for a debtor in possession cannot be compensated from the estate for services which, had a receiver been appointed, would have been performed by the receiver's attorney. Moreover, when a receiver is appointed and he engages an attorney, work performed by the debtor's attorney duplicative of the work of the receiver's attorney ordinarily would not be compensated from the estate since it conferred no benefit upon it. But there remains an area in which the attorney for the debtor, even when an attempted arrangement has been unsuccessful, will have rendered services primarily on behalf of his client but at the same time beneficial to the estate. Oftentimes, for example, although a Chapter XI arrangement is unsuccessful it will have preserved going concern values which are later realized in a superseding Chapter X or even in a bankruptcy liquidation. In analyzing the thrust of the new Bankruptcy Rule, *Collier* concludes:

"Rule 215(a) does not apply to an attorney for a debtor not in possession, or to an attorney for a bankrupt prior to the filing of a Chapter XI petition under Rule 11–7 in a pending case." 8 *Collier on Bankruptcy* ¶ 5.34, 688–89 (14th ed. 1975).

Nothing in *In re Hydrocarbon Chemicals, Inc., supra,* is inconsistent with this

analysis. To appreciate the narrow holding of that case, which for convenience we refer to as *Hydrocarbon II*, it must be read in conjunction with *In re Hydrocarbon Chemicals, Inc.,* 411 F.2d 201 (3d Cir. 1968). (*Hydrocarbon I*). The latter concerns Friedlander, the attorney for the debtor, who two days before the filing of the Chapter XI petition, sold short stock of the debtor, a publicly traded security, and covered his short sale by a purchase of stock after the petition was filed. In *Hydrocarbon I* this court held that § 249 of the Act, 11 U.S.C. § 649, barred his claim for compensation. Nothing in *Hydrocarbon I* suggests that Friedlander would have been barred from compensation had he not engaged in the flagrantly inequitable use of insider information.

In *Hydrocarbon II*, counsel retained by Friedlander to assist him in representing the debtor sought compensation from the bankrupt's estate. This court held that they would have to look to Friedlander for compensation. The majority opinion in *Hydrocarbon II* is somewhat ambiguous. At one point Judge Ganey wrote:

> "We would deny compensation on the ground alone that there is no provision in the Bankruptcy Act for paying more than one fee to counsel for the debtor, nor is there any provision in the Act for employment of other counsel for the debtor unless he compensates them himself." 411 F.2d at 205.

This statement is unexceptional, since an attorney for a corporate debtor has no general authority to retain co-counsel. Judge Ganey also concluded, in reviewing the nature of services for which compensation was being sought, that the petitioning attorneys had become "at least de facto counsel for the trustee and as such they were acting without the approval of the court, which is required under a Chapter X proceeding." 411 F.2d at 205. The court referred to General Order 44, which required that an attorney for a receiver, trustee, or debtor in possession be appointed by the court. Rule 215 quoted above is the replacement for General Order 44. *Hydrocarbon II* says no more with respect to the latter than we are saying today with respect to the former. When an attorney is functioning in a capacity in which he is the functional equivalent of the attorney for a receiver his appointment must be approved by the court. But when he is functioning for the Chapter XI debtor, and performs services useful to the estate which do not duplicate the services of the receiver or his attorney, he may be compensated from the estate and his appointment need not have the prior approval of the bankruptcy court.

Not only does the language of the rules and statutes support this interpretation, but sound policy does as well. A distressed debtor seeking advice as to avenues of relief available under the Bankruptcy Act should be able to feel that there are no potential conflicts between himself and his attorney. The rule adopted below by the district and bankruptcy judges would permit compensation out of the estate to the attorney for the debtor for which a receiver is appointed only in cases where a plan of arrangement is consummated. Such a rule produces two potential conflicts. The first arises prior to the filing. Knowing that in the event a plan of arrangement is not accepted by creditors he will not be paid from the estate, the potential attorney for the debtor will be tempted to demand payment in advance. With a cash-short debtor the necessity for providing such advance payment may mean the difference between being able to operate the business after filing the petition and not being able to do so. Secondly, if in the post-filing period, when the attorney for the debtor is negotiating with representatives of creditors for settlement, satisfaction or extension, he is put in the position that his compensation is entirely contingent on confirmation of a plan of arrangement, there will inevitably arise the temptation to yield more than his client can safely undertake and hope to survive. The debtor's attorney should, when appropri-

ate, advise that the debtor would be better off trying other avenues of relief. If he does so, and his client agrees, but his services have benefited the estate, he should be compensated.

We express no opinion as to whether the services in this case are such as would justify an award on the basis of benefit to the estate since neither the bankruptcy court nor the district court reached that issue. The order appealed from will be reversed, and the case remanded to the district court with directions that it grant the petition for review and direct the bankruptcy court to conduct further proceedings consistent with this opinion.