In re BOTANY INDUSTRIES, INC.

In re H. DAROFF & SONS, INC.

In re HOUSE OF WORSTED–TEX, INC.

In re WEBER & HEILBRONER, INC.

In re BROADSTREET'S IN-
CORPORATED.

In re BROADSTREET'S ST. LOUIS, INC.

In re FASHION PARK, INC.

In re CCS STORES, INC.

In re JADE CLOTHING, INC.,
Bankrupts.

Nos. 72–273, 72–274, 72–386, 72–411, 72–419,
72–420, 72–421, 72–422, 72–495
and 72–531.

United States District Court,
E. D. Pennsylvania.

Nov. 5, 1975.

Alan F. Markovitz, Philadelphia Pa., for appellants.

Sidney Chait, Philadelphia, Pa., Theodore Gewertz, New York City, Stuart H. Savett, Philadelphia, Pa., J. Jacob Hahn, New York City, for respondents.

## OPINION AND ORDER

JOHN MORGAN DAVIS, Senior District Judge.

Presently pending before the Court is an appeal from two Orders entered May 30, 1975 by the Honorable Emil F. Goldhaber, Bankruptcy Judge, awarding counsel fees and costs to attorneys for the official statutory creditors committees of Botany Industries, Inc. ("Botany") and H. Daroff & Sons, Inc. ("Daroff"), and to attorneys for the Receivers of "Botany" and "Daroff".

Appellants, various creditors of the bankrupts, are the Philadelphia Joint Board of the Amalgamated Clothing Workers of America, the Amalgamated Insurance Company of New York, and the Amalgamated Insurance Fund of New York.

Respondents are the following law firms: Adelman & Lavine, attorneys for the receivers of Botany and Daroff; Wachtel, Lipton, Rosen & Katz and Harold E. Kohn, P.A., counsel for the Bot-

any Creditors' Committee; and Hahn, Hessen, Margolis & Ryan and Sklar, Pearl, Lichtenstein & Sklar, counsel for the Daroff Creditors' Committee.

The Wachtel and Kohn firms, representing the Botany Committee, have moved, by separate motion, to dismiss the appeal as to them claiming that appellants Almalgamated Insurance Fund of New York, are not creditors of Botany and therefore lack standing to perfect this appeal. We disagree.

Appellants duly filed a proof of claim against Botany on February 8, 1973. No objection as to its validity was interposed before the bankruptcy Judge at any time during the pending bankruptcy proceeding and accordingly no determination as to the creditor status of appellants was ever made by the bankruptcy Judge. We are certainly in no position, based on the record now before us, to make that determination and in light of the disposition we make of this appeal it is unnecessary for us to do so.

■■ Moreover since the validity of the claims is uncontroverted by objection on the record, the sworn proof of claim itself is *prima facie* evidence of its validity. *Gardner v. State of New Jersey*, 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1947). We cannot say that, as such, it is insufficient to confer standing to take this appeal. Accordingly, the motion to dismiss the appeal as to the "Wachtel" and "Kohn" firms will be denied.

We now proceed to the merits of the appeal itself. In April 1972, Botany and its subsidiaries, including Daroff, filed petitions for arrangements under § 322 of Chapter XI of the Bankruptcy Act (the "Act"). In July of the same year the various creditors committees were elected and counsel, as indicated above, were retained. On October 29, 1973, after several unsuccessful attempts to effect arrangements, Botany and Daroff were adjudicated bankrupts, and Orders were entered directing that bankruptcy be proceeded with. On October 7, 1974, a hearing was held to audit the receivers' and trustees' accounts and Orders

were entered allowing counsel fees as follows:

Adelman and Lavine, Esquires, Attorneys for Receivers ....................$250,000.

Wachtel, Lipton, Rosen & Katz, Esqs. and Harold E. Kohn, P. A., attorneys for the Botany Committee .........50,000.

Hahn, Hessen, Margolis & Ryan, Esqs. and Sklar, Pearl, Lichtenstein & Sklar, Esqs., attorneys for the Daroff Committee .................60,000.

This appeal, brought pursuant to Bankruptcy Rule 801 et seq., followed.

The basic issue raised by this appeal is whether the current Rules of Bankruptcy Procedure ("Rules") governing Chapter XI (effective July 1, 1974) are applicable to a Chapter XI aborted prior to the effective date of the Rules and converted to, and continued in, straight bankruptcy.

■ If the Rules are applicable it seems clear that under Rule 11–29(c) the bankruptcy Judge may, in the exercise of his discretion, award compensation to the creditors committees even though confirmation was denied.[1]

The Order of the Supreme Court which accompanied these current rules provides:

2. That the aforementioned Chapter XI Rules and official Chapter XI Forms shall take effect on July 1, 1974, *and shall be applicable to proceedings then pending* except to the extent that, in the opinion of the court their application in a particular proceeding then pending would not be feasible or would

work injustice, in which event the former procedure applies. (1975 Collier Pamphlet Edition, Bankruptcy Act and Rules, Part 2 p. 1105) (Emphasis supplied).

Appellants maintain that the above reference to "proceedings then pending" is applicable only to Chapter XI proceedings which were in progress as of the effective date of the Rules, and can have no application in a case such as this where the Chapter XI had terminated prior to that date and the proceedings had progressed to the liquidation stage under the "straight bankruptcy" provisions. We disagree with Appellant's position, however, believing it to be inconsistent with the general scheme of administration contemplated by the Act and the Rules and also in conflict with the Third Circuit's recent ruling in *In Re Designaire Modular Home Corporation*, 517 F.2d 1015 (3rd Cir. 1975).

Both the Act and the Rules embody a concept of unitary administration in those cases where a Chapter case is converted into bankruptcy. In *U.S. v. Kalishman*, 346 F.2d 514 (8th Cir. 1965), *cert. denied*, 384 U.S. 103, 86 S.Ct. 1913, 16 L.Ed.2d 1017 (1966) the Court, in its construction of § 378(2) of the Act, reached the following conclusion:

By virtue of 378(2) of the Act, the abortive arrangement proceeding and the subsequent bankruptcy are considered parts of a *single proceeding* so far as possible . . . (at 518). (Emphasis supplied).

■ Although Rule 122 supersedes § 378(2) it does not defeat the "one continuous proceeding" concept enunciated in *Kalishman*. On the contrary, Rule 122 clearly indicates that it was

---

1. The Advisory Committee's Note accompanying Rule 11–29 (Bankruptcy Act and Rules, 1975, Collier Pamphlet Edition, Part 2, p. 1136) provides in pertinent part:
"Subdivision (c) provides for compensation of those employed by a selected committee if a plan is confirmed and *permits the court, in the exercise of its discretion, to award such compensation as an expense of administration if confirmation is denied.*"
(Emphasis supplied)

In addition, the official Comment to Rule 11–29 (1975 Collier Pamphlet Edition, supra, this note) provides as follows: "Rule 11–29 supersedes § 339 of the Act and changes certain aspects of § 339. For example, reimbursement of committee expenses *is made permissible even if a plan is not confirmed . . .*"
(Emphasis supplied).

within the contemplation of the drafters that the Chapter XI case would "*continue* as a bankruptcy case." We conclude therefore that the bankruptcy proceedings pending on the effective date of Rule 11–29(c) were "proceedings then pending" within the meaning of the Supreme Court's Order (supra). We find further support for this conclusion in this circuit's recent decision in *In re: Designaire Modular Home Corporation,* (supra), which applied the Chapter XI Rules (specifically, Rule 11–31) in a Chapter XI case which had aborted prior to the effective date of the Chapter XI Rules and which was continued in straight bankruptcy.

Certainly, the policy considerations which influenced the *Designaire* court in its decision with regard to the fees of the debtor's attorney are operable to a similar degree with respect to the attorney's for the creditors' committees and afford additional support for our conclusion that 11–29(c) should be applied in this case. The committee attorneys owe their first loyalty to their clients and as the *Designaire* court noted (517 F.2d at 1018) it is presumed that they "will exact the maximum payment [pursuant to the plan of arrangement] consistent with preservation of the going concern value of the enterprise. Since that value usually will be higher than if the business is liquidated, the task of the creditor representatives is to balance what they can obtain in liquidation against what the debtor can pay and still survive." If their judgment is to be influenced by the knowledge that compensation is contingent on confirmation it becomes more difficult to discharge this duty with the objectivity which the attorney-client relationship demands. We believe therefore that 11–29(c) should apply in the present context to the same degree, and with like force and

effect, as Rule 11–31 was found to apply in *Designaire.*

■ Rule 11–29(c) makes fees discretionary in non-confirmation cases (see Footnote 1). The Bankruptcy Judge exercised his discretion and Rule 810, made applicable to Chapter XI cases by Rule 11–62, requires us to accept his findings unless "clearly erroneous." [2] We will not set aside his findings unless there has been an abuse of this discretion. *Dickinson Industrial Site, Inc. v. Cowan,* 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819 (1940); *In Re Standard Gas & Electric Co.,* 106 F.2d 215 (3rd Cir. 1939).

■ We find no such abuse here. On the contrary, the bankruptcy Judge, with full knowledge of the nature and extent of the services rendered in this complex proceeding and obviously mindful of the economic spirit of the Act [3] applied the guidelines set forth in *In re Hardwick and Magee Co.,* 355 F.Supp. 58 (E. D.Pa., 1973) in arriving at his conclusion. We cannot say that his findings were clearly erroneous and accordingly the May 30, 1975 Orders will be affirmed.

One final matter requires our attention. The notice of appeal filed with this Court lists the New York Credit Men's Adjustment Bureau ("Bureau") as an appellee, but the May 30, 1975 Orders from which this appeal was taken neither affect nor relate to the Bureau. The Order awarding fees and costs to the Bureau was entered by Judge Goldhaber on May 29, 1975, not on May 30, 1975 as the Notice of Appeal would seem to indicate. Nevertheless it is apparent that by including the Bureau on the Notice of Appeal that Appellants intended to appeal from the May 29 Order as well as the May 30 Orders. Whether through oversight of counsel or administrative error, the discrepancy is of no great sig-

---

**2.** This standard is applicable to the award of fees to the attorneys for the receivers and is germane to our disposition of this appeal as to the firm of Adelman and Lavine.

**3.** The Bankruptcy Judge awarded the Adelman firm $250,000 of the $300,000 requested; the Wachtel & Kohn firms $50,000. of the $100,000 requested; and the Hahn and Sklar firms $60,000. of the $90,000. requested.

nificance for our purposes. We deem the appeal to include the May 29 Order.

The Bureau served as Secretary-Agent for the Daroff Creditor's Committee. As such it falls within the purview of Rule 11–29 [4] the applicability of which has already been determined.

We have reviewed the Bureau's application for allowance and find the award of fees and costs [5] to be a fair and reasonable amount in light of the services which it rendered. Accordingly the May 29, 1975 Order will be affirmed.

---

4. Rule 11–29(b) provides:

A Committee selected pursuant to Rule 11–27 may employ such attorneys, accountants, and other agents as may be necessary to assist in the performance of its functions.

5. The Bankruptcy Judge awarded the Bureau $6000.00 of the $7500.00 requested.