**In re PRIME FOODS OF ST. CROIX, INC., Debtor.**

**Bankruptcy No. B185–00009.**

United States District Court,
D. Virgin Islands,
St. Croix Division.

Dec. 11, 1987.

John R. Coon, Christiansted, St. Croix, U.S. Virgin Islands, Reginald Barney, Hato Rey, Puerto Rico, for debtor.

Joel H. Holt, Christiansted, St. Croix, U.S. Virgin Islands, for trustee.

Gregory H. Hodges, St. Thomas, V.I., for Creditor's Committee.

## MEMORANDUM AND ORDER

DAVID V. O'BRIEN, District Judge.

THIS MATTER is before the Court on motions filed by the Committee of Unsecured Creditors ("Committee") and the debtor, Prime Foods, Inc., placing in dispute the propriety of attorneys' fees for the debtor's attorneys, John Coon, Esq., ("Coon"), and Reginald Barney, Esq., ("Barney"). The attorneys move for fee approval. Due to their failure to comply with bankruptcy rules of procedure, both attorneys will be ordered to return monies to the debtor's estate.

### I. FACTS

The debtor filed a voluntary petition in bankruptcy, 11 U.S.C. § 101 *et seq.*, on May 31, 1985. Coon, the debtor's attorney submitted a disclosure statement showing payment of a $10,000.00 retainer.[1] In addition, Coon received $6,360.46,[2] in legal fees from the debtor which were not authorized by the Court.

Barney, of Puerto Rico, also became involved in the bankruptcy proceeding at the request of Coon. Barney received $10,059.00 in legal fees for consultations with the trustee, Frederick D. Mider, Jr. ("Mider"), Coon, the debtor corporation, and various creditors. Affidavit of Barney. Neither his participation in the case nor the debtor's payment of his legal fees was disclosed to or approved by the Court.

Mider was appointed trustee of the debtor's estate on October 7, 1985. Mider obtained legal counsel, (Joel H. Holt, Esq.), on February 4, 1987.

The Committee requests an order demanding that Coon and Barney return the compensation received from the estate since the Court never approved their employment or authorized payment of their fees.

Coon filed a motion requesting confirmation of his employment by the debtor and approval of fees paid and fees due and owing. Barney filed a separate motion requesting approval of fees received from the debtor.

### II. DISCUSSION

Prior to the appointment of Mider as the trustee, Prime Foods was a debtor in possession. When Mider took constructive possession of the business, Prime Foods became simply a debtor. Debtors and debtors in possession have different roles and responsibilities in the reorganization process. Therefore, we will discuss *seriatim* the propriety of Coon's employment before and after Mider's appointment on October 7, 1985.

### A. THE DEBTOR IN POSSESSION

■ The bankruptcy code treats the debtor in possession as the equivalent of a trustee. 11 U.S.C. § 1107(a); *In the Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280, 1281; *In re Mason*, 66 B.R. 297, 301 (Bankr.D.N.J.1986); *In the Matter of Whitemere Dev.Corp.*, 65 B.R. 734, 735 (Bankr. D.N.J.1986); 2 Collier on Bankruptcy ¶ 327.05 (15th ed. 1986). Thus, the role of Prime Foods in the proceedings was restricted to that of a trustee. Prime Foods' right to employ legal counsel is provided in section 327(a), which expressly requires court approval of the employment of legal counsel.[3]

---

1. The disclosure statement revealed that the law firm of Riley and Roummel of Detroit, Michigan might be employed as co-counsel. The record indicates that they were paid $1,000 by Coon. Any involvement the firm had in this case is otherwise not apparent.

 Our calculations of fees received by Coon include the $1,000 paid to Riley and Roummel, and he is liable to the estate for such sum despite having paid "co-counsel" with it.

2. Coon's affidavit showed $4,875.90 in additional payments. Based on ledger sheets in the record, however, we arrive at the sum of $6,360.46, as did the Committee. Apparently, a $1,500.00 payment was transposed as a $15.00 payment in Coon's computations.

3. 11 USCS § 327. Employment of professional persons

 (a) Except as otherwise provided in this section, the trustee, *with the court's approval,* may employ one or more attorneys, account-

The debtor ignored the Code requirements and never applied for court approval of Coon's employment. In fact, the debtor asserts that the Court's approval was not needed. The debtor's arguments focus on debtor's status as a debtor out of possession and, therefore, do not address the propriety of legal services provided prior to the trustee's appointment.

■ A bankruptcy court may grant retroactive approval of attorneys employed in bankruptcy proceedings. *In the Matter of Arkansas Co.*, 798 F.2d 645 (3d Cir.1986). The Third Circuit "limit[s] the grant of retroactive approval to cases where prior approval would have been appropriate and the delay in seeking approval was due to hardship beyond the professional's control." *Id.* In exercising our discretion to approve these legal fees we are guided by the discussion of the Court in *Arkansas Co.*, 798 F.2d 645:

> To summarize, we hold that retroactive approval of appointment of a professional may be granted by the bankruptcy court in its discretion but that it should grant such approval only under extraordinary circumstances. Such circumstances do not include the mere neglect of the professional who was in a position to file a timely application. When considering an application, the bankruptcy court may grant retroactive approval only if it finds, after a hearing, that it would have granted prior approval, which entails a determination that the applicant satisfied the statutory requirements of 11 U.S.C. §§ 327(a) and 1103(a) that the applicant be disinterested and not have an adverse interest, and that the services performed were necessary under the circumstances. Thereafter, in exercising its discretion, the bankruptcy court must consider whether the particular circumstances in the case adequately excuse the failure to have sought prior approval. This will require consideration of factors such as whether the applicant or some other person bore responsibility for applying for

approval; whether the applicant was under time pressure to begin service without approval; the amount of delay after the applicant learned the initial approval had not been granted; the extent to which compensation to the applicant will prejudice innocent third parties; and other relevant factors.

*Id.* at 650.

■ Accordingly, there is nothing in the record to support a retroactive approval of Coon's legal fees, because although appointment of counsel may have been approved earlier, there are no "extraordinary circumstances" to justify the failure to seek timely approval. Coon's sole basis for failing to comply with section 327(a) and Rule 2014 lies in his misconception that court approval was not required. Such an excuse is insufficient and by no means qualifies as "extraordinary".

Since we cannot retroactively approve Coon's employment by the debtor in possession, we likewise cannot approve the fees paid by the debtor's estate. 11 U.S.C. §§ 329, 330. The compensation paid for legal services rendered between May 31, 1985 and October 7, 1985 must be returned to the estate's coffers. The amount paid to Coon during this period we calculate at $6,577.71. This will be offset by fees approved *infra*.

## B. DEBTOR OUT OF POSSESSION

■ Upon the appointment of Mider as trustee, the debtor was no longer "in possession". The debtor's choice of counsel is not subject to court approval. *In re Designaire Modular Home Corp.*, 517 F.2d 1015, 1019 (3d Cir.1975); *see* 2 Collier on Bankruptcy ¶ 327.07. Since court approval was not required, there is no need to retroactively confirm Coon's employment by the debtor. *Arkansas Co.*, 798 F.2d at 648 (interpreting *Designaire*, 517 F.2d 1015). Our function at this juncture is merely to authorize the compensation.

As the attorney for the debtor out of possession, Coon's fees may be authorized

---

ants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are

disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title. (emphasis added).

only for "services useful to the estate which do not duplicate the services of the [trustee] or his attorney." *Designaire,* 517 F.2d at 1019. The record indicates that Coon played a substantial role in reorganizing the debtor's business. Deposition of Mider, May 11, 1987, 37–39, 86. Nothing indicates that the trustee's efforts were in conflict with those of debtor's counsel, or that the trustee's activities were otherwise duplicated. The relationship between the trustee, debtor, creditors, and attorneys is discussed more fully below.

■ If the debtor's attorney is giving legal advice to the trustee, then he is acting as the trustee's attorney, whose employment must be confirmed by the court. *Id.* The Committee asserts that Coon acted *de facto* as Mider's attorney, without court approval, and therefore, his requests for compensation should be denied. *De facto* representation allegedly occurred because the trustee served the estate for sixteen months before retaining his own counsel. During this period both the debtor and his counsel, Coon, worked very closely with the trustee to preserve and reorganize the business. They drew up a plan for the creditors to be repaid. The trustee summarized their working relationship as follows:

"Providing interface between the Trustee, the Debtor and his counsel. Day to day matters that were perplexing. The development and work up of the Disclosure statement and the plan. Constant readings and rereadings of the plan. Keeping informed of the direction in which the business was going. General guidance and counsel. You were asked for legal advise? No. I did not ask for legal advise. It wasn't done in that context. No. I didn't say hey—. You never asked him for legal advise in any manner since you have been the Trustee of the Estate? I can't say that. I may very well—I may very well have. But not in the sense of legal advise". Deposition of Mider at 37.

The record indicates that Coon was working for the debtor in negotiating with the trustee and the Committee. That Coon dealt with the trustee on a regular basis in an effort to avoid liquidation of the debtor's business did not transform him *de facto* into the trustee's attorney.

The Committee also argues that as *de facto* counsel for the trustee and attorney for the debtor, Coon's dual representation suffered from a conflict of interest. This conflict, it is suggested, might serve as a basis for denying legal fees regardless of the benefit of services received by the estate. However, as we see no *de facto* representation of the trustee, as discussed above, this argument fails.

■ Another example of the legal confusion generated by this case is reflected in the debtor's argument that his employment is authorized by section 327(b) which allows the trustee to retain salaried professionals, without the court's approval, who work for the debtor's business.

(b) If the trustee is authorized to operate the business of the debtor ... and if the debtor has regularly employed attorneys, accountants, or other professional persons on salary, the trustee may retain or replace such professional persons if necessary in the operation of such business.

11 U.S.C. § 327(b).

This provision clearly refers to professionals employed in the ordinary course of business. An attorney hired on the eve of filing a Chapter 11 proceeding, and who thereafter only works with the business as its activities pertain to the bankruptcy proceeding, does not fall within the scope of section 327(b). Coon was not employed nor were his services directed towards the ordinary daily business activities of the debtor, as contemplated by section 327(b).

■ Lastly, the Committee claims that the application for approval of fees fails to comply with Rule 2016(a), in that the explanation of services rendered is not sufficiently "detailed". They cite *In re R & B Institutional Sales, Inc.,* 65 B.R. 876, 880 (Bankr.W.D.Pa.1986) for the proposition that entries labeled "conference" or "research" are insufficient descriptions upon which to award attorneys fees. We decline to follow the above case. In *Institutional Sales,* the court found that the hours

claimed were excessive, and services performed were repetitive. In the present case we find that the amount of time and the description thereof adequately comply with Rule 2016(a). Most of the entries of time expended were adequately described, and those which had less description are supported by the application read in its entirety.

We conclude that the fees already received and those requested by Coon, which represent services rendered after the trustee's appointment from Oct. 7, 1985 through June 1, 1987, should be authorized as calculated *infra*. The debtor's supplemental fee request of $6,320.00 for services rendered June 2, 1987 through August 26, 1987 will be denied. 11 U.S.C. §§ 329, 330. Services rendered at this point in the proceeding were of no benefit to the estate and the request is otherwise unreasonable.

## C. ATTORNEY'S FEES OF REGINALD BARNEY

 Barney received a total of $10,-059.00 in legal fees from the debtor between July 22, 1985 and February 26, 1987. Although Barney is an attorney, he styled his role in this matter as that of a "consultant". Barney generally holds himself out as a legal specialist in bankruptcy law. He describes himself as a "consultant" in this proceeding because he probably recognizes the dilemma in which he has placed himself.

A review of Barney's motion and affidavit clearly shows that this self-imposed label constitutes a distinction without a difference. Barney gave legal advice to the debtor and Coon, as evidenced by the following excerpts of his affidavit of services rendered.

The following dates represent visits to St. Croix and conferences with Mr. Mider, Trustee, John R. Coon, Esq. and Phil Davis.

7/24/85

First meeting in St. Croix with John R. Coon and Phil Davis. Case reviewed. Noted that the Disclosure Statement and date were not able to be complied with. Recommend that Mr. Fred E. Mider be appointed as Trustee. Required motion discussed.

9/13/85

Met with John R. Coon and Phil Davis. Discussed the motions. Reviewed the matter of trustee appointment and possible opposition by creditors committee. Indicated that the request by a debtor for a trustee was a very rare type of act in Chapter 11 but felt that without Fred E. Mider in as trustee that the creditors' committee would prevail on an adjudication as the debtor was losing substantial sums every month.

9/20/85

Met with Fred E. Mider, John R. Coon, Esq. and Phil Davis for the purpose of preparing Fred E. Mider for the coming hearing on his appointment. Attended court hearing.

1/30/86

Meeting with F.E. Mider, trustee and P. Davis regarding what Chapter 11 proceedings will allow in the way of offers to unsecured creditors and be accepted by court.

10/16/86

Conference J.R. Coon, Esq. and P. Davis. Discussed the right of debtor to file its own plan.

As Barney's role was essentially one of co-counsel with Coon, his participation in the bankruptcy was subject to court approval. As counsel for either the debtor in possession or out of possession, there exists no basis for confirming the fees he received. His involvement was not disclosed to the Court pursuant to section 327(a) or (b) and Rule 2014, or section 329 and Rule 2016(b), therefore he must return the $10,059 in legal fees to the debtor's estate.

## III. CONCLUSIONS

To date, Coon has received $16,360.46 in legal fees. The portion attributable to the time period he was representing the debtor in possession amounts to $6,577.71. These fees cannot be approved, since Coon's employment did not have the requisite court approval. Sections 329 and 330 allow this

court to order the return of any unauthorized payments.

We approve the fees already paid, $9,782.75, and fees not yet paid, $4,227.46,[4] which represent services beneficial to the debtor's estate rendered during the trusteeship. The supplemental request for $6,320.00 will not be authorized. When we offset the $6,577.71 unauthorized but paid fees in the attorney's possession with the $4,227.46 authorized but unpaid fees requested, we determine that $2,350.25 must be returned to the debtor's estate.

Barney must return all of the $10,059.00 in fees he received, since his participation never received prior approval, and we decline to retroactively approve his role as either the debtor in possession's attorney, the debtor's or the trustee's attorney.

## ORDER

THESE MATTERS are before the Court on motions of the parties for a determination of the propriety of debtor's counsels' attorneys' fees. Having filed an opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT John R. Coon, Esq. return $2,350.25 to the estate within thirty days from the date of this order; and further

THAT Reginald Barney, Esq. return $10,059.00 to the estate within thirty days from the date of this order.

It is further ORDERED:

THAT John R. Coon and Reginald Barney each file a notification with the court upon the repayment of said monies to the estate; and further

THAT Frederick D. Mider, Jr., trustee, or his counsel, shall send a copy of this order to the above-named counsel, formally placing them on notice.

**4.** Our calculations, n. 1 *supra,* show that the submitted figure of $5,711.96 for unpaid fees is

in error. The correct figure is $4,227.46.