**In re The APOLLO GROUP, Debtor.**

**Bankruptcy No. 98–44951–R.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Sept. 1, 1998.

Wallace Handler, Southfield, MI, for debtor.

Daniel Katlein, Detroit, MI, for trustee.

Stephen Spence, U.S. Trustee's Office, Detroit, MI, for U.S. Trustee.

### *MEMORANDUM OPINION DENYING APPLICATION TO RETAIN COUNSEL*

STEVEN W. RHODES, Chief Judge.

This matter is before the Court on a motion to retain counsel filed by The Apollo Group ("Apollo"). The U.S. Trustee filed a response and questioned whether approval under 11 U.S.C. § 327 was appropriate because the Court has appointed a chapter 11 trustee and Apollo is no longer a debtor in

possession. Apollo's motion to retain counsel is denied. This opinion supplements an opinion given in open court on June 24, 1998.

## I.

Apollo filed its chapter 11 petition on March 16, 1998. On May 21, 1998, Apollo filed an application to employ attorney Robert Fabian. The application was granted by order dated May 22, 1998.

On May 26, 1998, at the hearing on Apollo's motion to assume unexpired real estate leases with Travel America, the Court determined that there was cause to appoint a trustee. On June 1, 1998, the Court entered an order approving the appointment of David Allard as the chapter 11 trustee.

On June 10, 1998, Ronald Fabian filed a motion to withdraw as counsel for Apollo. On June 18, 1998, Apollo filed an application to retain Wallace Handler as counsel for the debtor.

## II.

11 U.S.C. § 327(a) governs the employment of professional persons and permits the trustee, with court approval, to "employ one or more attorneys ... to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). A debtor in possession has all of the rights, powers, and duties of a trustee. 11 U.S.C. § 1107(a). Section 1104 permits the court to order the appointment of a trustee for cause. When a trustee is appointed and the chapter 11 debtor is removed as debtor in possession, the debtor is no longer authorized to carry out the duties granted to the trustee. *See In re Xebec*, 147 B.R. 518, 524 (9th Cir. BAP 1992).

In the present case, because the Court has appointed a trustee, Apollo is no longer required to obtain court approval pursuant to § 327 to employ an attorney. *See 3 Collier on Bankruptcy* ¶ 327.07, at 327–72 (Lawrence P. King ed., 15th ed.1998) (court approval not necessary for appointment of attorney for debtor out of possession); *In re*

*Prime Foods of St. Croix, Inc.*, 80 B.R. 758, 761 (D.Vi.1987) (Upon the trustee's appointment, the debtor is no longer in possession, and its choice of counsel is not subject to court approval.). Moreover, there is no other provision in the Code which requires court approval for the employment of an attorney for a debtor in these circumstances. On that basis, Apollo's application to retain counsel must be denied.[1]

The Court further notes that to the extent that the legal services provided by Handler are for the benefit of the debtor and its insiders and principals, those insiders and principals should pay the fees, and court approval is not required. Conversely, to the extent it is established that the services are for the benefit of the estate, the estate may well be obligated for those fees under 11 U.S.C. § 503(b)(1)(A).

---

1. Although court approval under § 327 is not required, the debtor's attorney remains obligated, pursuant to § 329(a) and Rule 2016(b), to file a statement of compensation paid or agreed to be paid. Further, under § 329(b), the Court retains the authority to review those fees.